**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION as Receiver for New Orleans Federal Savings & Loan Association**

v.

**PORT ALLEN DEVELOPMENT CORPORATION, et al.**

Civ. A. No. 86–788–B.

United States District Court, M.D. Louisiana.

Jan. 22, 1988.

---

Milling, Benson, Woodward, Hillyer, Pierson & Miller, P.L.C., Linda A. Hoffman, Herschel L. Haag, III, New Orleans, La., for FSLIC.

T. Michael White, Port Allen, La., for Lewis.

Wilbert F. Jordan, Jr., Baton Rouge, La., for Hosch.

POLOZOLA, District Judge.

This matter is before the court on the motion of the plaintiff, The Federal Savings and Loan Insurance Corporation, as receiver for New Orleans Federal Savings & Loan Association ("FSLIC"), for summary judgment as to the defendant, Billy R. Lewis. Oral argument was held in this matter on December 4, 1987. For the reasons which follow, the court finds that plaintiff's motion for summary judgment should be granted.

FSLIC instituted this action against Port Allen Development Corporation ("Port Allen"), Ralph A. Hosch and Billy R. Lewis ("Lewis") to enforce a promissory note executed by Port Allen on December 30, 1983 in the original principal amount of $420,000.00. Plaintiff contends that Lewis executed a continuing guaranty dated December 30, 1983 in which he obligated himself *in solido* with Port Allen for payment of the $420,000.00 note.

It is clear that the promissory note executed by Port Allen is past due and in default. The loan has an outstanding principal balance of $415,705.14, accrued interest through June 14, 1987 of $117,793.96, plus interest accruing on the principal at the rate of $138.57 per day from June 15, 1987 until paid.

Plaintiff relies on a continuing guaranty agreement which was signed by Lewis, which provides that Lewis guaranteed:

> The payment in full, together with all interest, attorney fees, other fees, and charges of whatsoever nature and kind, of any indebtedness, direct or contingent whether secured or unsecured, of said debtor [Port Allen Development Corporation] to said association [New Orleans Federal Savings & Loan Association] up to the amount of Four Hundred twenty thousand and 00/100 Dollars ...

The continuing guaranty also provided:

> The association shall not be bound to exhaust its recourse against the debtor or other persons or upon the securities it may hold before being entitled to payment from the undersigned of the amount hereby guaranteed.

Lewis does not deny that he executed the above described continuing guaranty. However, he denies liability on several grounds. Defendant first contends that he and L.J. Munna, III, who was then president of New Orleans Federal, negotiated a settlement and compromise which was evidenced by a letter dated November 18, 1985, and signed by Munna and Lewis. The court finds this argument is without merit. The D'Oench doctrine established by *D'Oench & Co. v. Federal Deposit Insurance Corp.*, 315 U.S. 447, 62 S.Ct. 676,

86 L.Ed. 956 (1942) and reaffirmed by the United States Supreme Court in *Langley v. Federal Deposit Ins. Corp.*, — U.S. —, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987) applies herein to bar the defendant from asserting the defense based on the alleged collateral agreement against the FSLIC. *FSLIC v. Kearney Trust Co.*, 151 F.2d 720, 725 (8th Cir.1945); *FSLIC v. Elliot*, No. 83–1303 slip op. at 4 (N.D.Ill. Mar. 8, 1985); *FSLIC v. Lefeve, Jr.*, 86–4228 (E.D.La. February 26, 1987) [available on WESTLAW, 1987 WL 39336].

The doctrine set forth in the *D'Oench* and *Langley* cases is intended to allow federal and state bank examiners to rely on a bank's records in evaluating the bank's assets and to prevent the fraudulent insertion of new terms into an agreement with the collusion of bank employees when a bank appears headed for failure. *Langley, supra*, 108 S.Ct. at 401. Lewis' defense of accord and satisfaction is invalid because the letter-agreement relied on by Lewis was not a part of the official records of New Orleans Federal and because the minutes of the New Orleans Federal Board of Director's meetings do not reflect approval of any modification of Lewis' obligation under the continuing guaranty agreement.

The court also finds defendant's other arguments are without merit. All relevant documents needed to enforce liability against Lewis are complete and filed in the record before this court. The court finds that the guaranty signed by Lewis is clear and unambiguous. Lewis agreed to guarantee Port Allen Development Corporation's loan up to $420,000.00, together with interest, attorney's fees and costs. Furthermore, the creditor is not required to exhaust its remedies before enforcing this guaranty against Lewis under the terms of the guaranty agreement. Since the words of the contract are clear and explicit, no further interpretation may be made to ascertain the parties' intent. La.Civ.C. art. 2046, *Quintana Petroleum Corp. v. Alpha Investments Corp.*, 435 So.2d 1092, 1097 (La.App. 1st Cir.1983).

The second affidavit of C. Ritchie Brumfield and the attached corporate resolution of Port Allen Development Corporation establishes that Robert B. Sutherlin was ex-

pressly authorized to act on behalf of Port Allen Development Corporation. Sutherlin executed the promissory note in the principal amount of $420,000.00 on behalf of Port Allen. Therefore, the record establishes that Port Allen's indebtedness was based on an authorized corporate act.

Lewis' claim that the Collateral Mortgage Note, Act of Mortgage and Pledge Agreement are not legally binding is not a valid or relevant defense.

Lewis has also failed to present any evidence to dispute the affidavits filed by plaintiff testifying as to the amount due and payable. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Therefore, the court finds that plaintiff, FSLIC, has met its burden of proof by establishing that the execution of the promissory note was an authorized act of the corporation, and that Lewis' continuing guaranty secured Port Allen's indebtedness and granted FSLIC the right to pursue collection from Lewis. Therefore, plaintiff is entitled to summary judgment as a matter of law.

Therefore:

IT IS ORDERED that the motion of Federal Savings and Loan Insurance Corporation, as receiver for New Orleans Federal Savings & Loan Association, for summary judgment be and it is hereby GRANTED.

Plaintiff shall submit a judgment within fifteen (15) days.